```
Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, WA  99210-1494
Telephone: (509) 353-2767
```

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 2 7 2025

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>v.<br><br>DANIELLE ELIZABETH HARDY,<br><br>                          Defendant. | Case No: 2:24-CR-00136-RLP-2<br><br>Pretrial Diversion Agreement |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney, and Defendant Danielle Elizabeth Hardy ("Defendant"), both individually and by and through Defendant's counsel, J. Gregory Lockwood, agree to the following Pretrial Diversion Agreement (the "Agreement"):

**I. Overview**

1. On October 2, 2024, an Indictment was returned charging Defendant with conspiracy to smuggle and transport aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), (B)(i).

2. Defendant stipulates and agrees that Defendant did in fact violate 8 U.S.C. § 1324(a)(1)(A)(v)(I), (B)(i), conspiracy to smuggle and transport aliens, and that the United States could prove Defendant's guilt beyond a reasonable doubt.

PRETRIAL DIVERSION AGREEMENT - 1

Defendant wishes to accept responsibility for this conduct. Accordingly, Defendant stipulates and agrees to the following facts, referred to herein as the "Covered Conduct":

    a.    On May 28, 2024, agents with the Border Patrol apprehended two aliens (nationals of India) who had just crossed from Canada into the United States around Del Rosario's Orchard, an area frequently used by smugglers to bring both humans and controlled substances into the United States. Shortly after, the supervising agent was informed that a vehicle was driving repeatedly around the area. The vehicle passed the entrance to the orchard a number of times.

    b.    A Border Patrol agent was able to get behind the vehicle and identify it as a 1992 Honda Accord, registered to Defendant with an address in Bellevue, Washington. The Border Patrol agent conducted a traffic stop and was shortly thereafter joined by his supervisor. The driver was identified as Defendant while a male passenger was identified as Wesley KAWAGUCHI. When asked why they were in the area, Defendant said that they had taken a trip to Chelan to see a friend and were driving around exploring an area they had not been to before. Defendant also pointed out a hiking trail on her phone that they intended to hike; the Border Patrol agent noted that the entrance to the hiking trail was over a mile back down the road along which Defendant was driving.

    c.    Both Defendant's and KAWAGUCHI's cell phones were seized and searched by the Border Patrol. Messages between Defendant and KAWAGUCHI revealed that, on May 27, 2024, KAWAGUCHI had asked Defendant is she wanted to help him pick up immigrants near the international border with Canada and drive them into the United States. Defendant agreed and suggested that they could use her vehicle.

    d.    Defendant admits that, in the Eastern District of Washington, Defendant entered into a conspiracy with Wesley KAWAGUCHI to smuggle and transport aliens. Defendant admits that, on May 28, 2024, Defendant drove herself and

PRETRIAL DIVERSION AGREEMENT - 2

KAWAGUCHI to the United States-Canada international border with the intent of picking up aliens who recently unlawfully entered the United States.

    3.    On authority from the Attorney General of the United States, through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, prosecution in the Eastern District of Washington for the Covered Conduct shall be deferred for twenty-four (24) months. This twenty-four (24) month period begins on the date this Agreement is signed by both parties and accepted by the Court.

    4.    The United States and Defendant stipulate and agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter as to: (1) whether a party breached this Agreement, and if so; (2) the appropriate remedy, which may include either terminating the Agreement or modifying its terms. A modification may include extending the Agreement's twenty-four (24) month period by an additional twelve (12) months, for a total of thirty-six (36) months.

**II. Terms**

Defendant stipulates and agrees to the following terms:

    5.    **Supervision.** Defendant stipulates and agrees to be supervised by the United States Probation Office during this twenty-four (24) month period (or longer, if the period is extended by the Court). Further, Defendant understands the following:

    a.    Defendant shall not violate any federal, state, or local law. This term does not apply to minor civil infractions such as speeding.

    b.    If Defendant is arrested or has any official contact with law enforcement in a civil or criminal investigative capacity, Defendant shall notify Defendant's supervising pretrial diversion officer within two business days.

    c.    Defendant shall live within the jurisdiction of either the Eastern District of Washington or the Western District of Washington. If Defendant seeks to reside outside either District, Defendant shall notify and seek the approval of Defendant's supervising pretrial diversion officer so that appropriate arrangements in light of the Agreement can be made.

PRETRIAL DIVERSION AGREEMENT - 3

d. Defendant shall maintain employment in a lawful occupation. When out of work, Defendant shall notify Defendant's supervising pretrial diversion officer. In the event that Defendant becomes self-employed, Defendant shall provide evidence of such self-employment.

e. Defendant shall report to Defendant's supervising pretrial diversion officer as directed by the Court or U.S. Probation. Any failure to abide by the reporting requirements as established by the Court or U.S. Probation shall be deemed as an irrevocable violation of the Agreement.

g. Defendant shall not possess, control, consume, and/or use any illegal controlled substance, including marijuana. Defendant shall participate in a substance abuse evaluation and participate in any recommended treatment. Defendant must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from controlled substances.

6. **Tolling.** Defendant stipulates and agrees to toll the running of all applicable statutes of limitations and any time-based defenses for the Covered Conduct. This tolling shall run from the date the Agreement is signed by all parties until the Agreement expires or is terminated by the Court. Defendant stipulates and agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the period of time that the Agreement is in effect.

Defendant further expressly waives all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, 18 U.S.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of Washington for the period during which this Agreement is in effect.

7. **Waiver of Constitutional Rights.** Defendant, by entering this Agreement, agrees to waive certain constitutional rights including (1) the right to a

PRETRIAL DIVERSION AGREEMENT - 4

jury trial; (2) the right to see, hear, and question witnesses; (3) the right to compel witnesses to testify; (4) the right to testify on Defendant's own behalf; and (5) the right to remain silent and not to testify. Defendant knowingly and voluntarily waives the above rights.

8. **Breach.** If the Court, after a hearing, terminates the Agreement based on a breach of the terms of the Agreement by Defendant, the United States may resume its prosecution against Defendant as to the Covered Conduct.

9. **Admissibility of the Agreement in Prosecution.** In the event that the Court terminates the Agreement based on a breach by Defendant, Defendant stipulates and agrees that the Agreement and Defendant's admissions contained therein shall be admissible against Defendant at any trial, sentencing, or other related proceeding. Defendant waives any evidentiary objections concerning the Agreement. Defendant agrees that, in the event that the Court terminates the Agreement based on a breach by Defendant, the Court will conduct a bench trial and admit the Agreement and stipulations concerning the Covered Conduct into evidence.

The United States stipulates and agrees to the following:

10. **Deferred Prosecution and Dismissal.** The United States stipulates and agrees to defer prosecution of the above-captioned matter for a period of twenty-four (24) months (or up to thirty-six (36) months, if the Agreement is extended). When and if Defendant satisfies all the requirements of the Agreement (including any modifications or extensions), the United States will seek dismissal with prejudice of the Indictment filed against Defendant. Except in the event of a violation by Defendant of any term of this Agreement, the United States will bring no additional charges against Defendant relating to Defendant's conduct as described in the Indictment and the Covered Conduct set forth above. This agreement does not provide any protection against prosecution for any crimes except as set forth above. Defendant and the United States understand that the Court must approve deferral under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(2). Should the

PRETRIAL DIVERSION AGREEMENT - 5

Court decline to defer prosecution for any reason: (1) both the United States and Defendant are released from any obligation imposed upon them by this Agreement; and (2) this Agreement shall be null and void, except for the tolling provisions set forth herein.

### III.  Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    1-27-2025
Michael J. Ellis                                              Date
Assistant United States Attorney

I have read the Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those

//
//
//
//
//
//
//
//
//
//
//
//

PRETRIAL DIVERSION AGREEMENT - 6

1 | rights, and I am satisfied with the representation of my attorney in this case. I
2 | understand the terms and conditions of the Agreement and agree to comply with them.

_____   1-27-2025
Danielle Elizabeth Hardy         Date
Defendant

_____   1-27-25
J. Gregory Lockwood              Date
Attorney for Defendant

Approved without passing judgment on the merits or wisdom of this diversion.

_____   1/27/25
Rebecca L. Pennell               Date
United States District Judge

PRETRIAL DIVERSION AGREEMENT - 7